# United States District Court
### MIDDLE DISTRICT OF TENNESSEE (NASHVILLE DIVISION)

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
JAN 2 3 2012
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

V.

CHRISTOPHER N. BONICK

**CRIMINAL COMPLAINT**

Case Number: 12-mj-1001

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

*From on or about July 20, 2010 through on or about January 5, 2012, in the Middle District of Tennessee and elsewhere, the defendant knowingly used the mail or any facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce individuals who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(b).*

I further state that I am a Special Agent, Federal Bureau of Investigation and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof: ■ Yes  ☐ No

_____
Signature of Complainant
Special Agent John McMurtrie
Federal Bureau of Investigation

Sworn to me and subscribed in my presence,

January 23, 2012      at    Nashville, Tennessee
Date                                                City and State

Juliet Griffin
~~E. Clifton Knowles~~, United States Magistrate Judge
Name & Title of Judicial Officer                      Signature of Judicial Officer

# AFFIDAVIT OF SPECIAL AGENT JOHN McMURTRIE
## Federal Bureau of Investigation

I, John McMurtrie, being first duly sworn on oath, states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed for 24 years.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of **CHRISTOPHER N. BONICK** for the following offense: From on or about July 20, 2010 through on or about January 5, 2012, in the Middle District of Tennessee and elsewhere, **CHRISTOPHER N. BONICK** did knowingly used the mail or any facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce individuals who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, or attempted to do so, in violation of Title 18, United States Code, Section 2422(b).

3. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation and information provided to me by other law enforcement officials. Unless otherwise indicated, where I have referred to written or oral statements, I have summarized them in substance and in part, rather than verbatim. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of **CHRISTOPHER N. BONICK**.

4. An investigator with the Louisiana Attorney General's Office High Technology Crime Unit provided the following information.

5. Between July 20, 2010, and July 28, 2011, the Louisiana investigator conducted eight undercover chat investigations with a person using the screen name *ccbonick*, who was later determined to be Christopher N. Bonick, who was born in October of 1984. Several times during the chats, Bonick was informed that he was chatting with was a minor female who was 13 years of age when they first met online and then turned 14. Despite knowing her age, Bonick continued to engage in a sexual conversation with the minor female and asked her to send him pornographic images of herself.

6. On or about July 27, 2011, the Louisiana investigator again informed Bonick that he was chatting with a 14 year old high school freshman girl. Bonick asked the minor female if he could show her a picture of his penis so he could get a younger girl's opinion on it. Bonick then sent a picture of his penis to the girl and asked her if she would rub his penis with her hand and then suck on it. Bonick then stated that he wanted the 14 year old girl to sit on his penis and, "slide it in your pussy." Bonick then told her that most girls her age are having sex and that it helps them grow faster because it releases more hormones so they finish puberty faster. Later in the conversation Bonick asked the girl to send him pornographic pictures of her, including topless and pictures of her in her underwear.

7. During this same undercover chat on or about July 27, 2011, Bonick stated he had met a 15 year old female online and had had sex with her. He stated he had met the 15 year old on a

1

website called "Teenspot." Bonick stated he was 25 at the time he had engaged in sexual activity with the 15 year old. During that same conversation, Bonick was informed that the minor female had a dog. Bonick asked her, "are you one of those girls who jerks off her dog." Bonick stated that "lots of girls your age play with there [sic] dogs to experiment." He also stated that "girls like them cause they get way bigger then a guys." Bonick then sent an image of someone engaged in sexual activity with a dog. Bonick further suggested that he travel across state lines to Louisiana to have sex with the minor girl.

8. On September 15, 2011, the Louisiana investigator determined that the IP address that was used on July 27, 2011 to access Bonick's email address was 98.240.11.240. On October 17, 2011, the investigator determined that the IP address was associated with a Comcast account in the name of "Christop Bonick" at 5160 Rice Road, Apt 142, Antioch, Tennessee 37013.

9. A detective with the Metropolitan Nashville Police Department (MNPD) found that an individual by the name of Christopher N. Bonick with a Missouri driver's license had had Nashville Electric Service at 5160 Rice Road, Apt 142, Antioch, Tennessee 37013, since January 7, 2011.

10. On December 28, 2011, the MNPD detective went to 5160 Rice Road, Apt 142, in Antioch and observed Chevy Astro Van with Missouri license plate "AD7 L7Y" in front of the breezeway leading to apartment 142. Although the detective found that the license plate was not on file, he was able to determine from other sources that Bonick has or has had a 1999 Chevy Astro Van registered to him.

11. On January 5, 2012, the MNPD detective sought and executed a state search warrant at 5160 Rice Road, Apartment 142. Bonick was present when the detective went to execute the search warrant and agreed to talk with the detective. Before asking him any questions, the detective explained to him that he was not under arrest, that he was free to leave at any time, and that he did not have to answer any questions. Bonick stated he understood and agreed to talk to the detective. Bonick, who was in the Army until 2010, stated that after he got back from Iraq, he was lonely and that he had said some things on the Internet that he probably should not have. He ultimately admitted that chatted with approximately 20 to 25 minor girls and that 10 to 15 chats had turned sexual. He admitted that he might have sent a picture of his penis to at least one of these girls, that he had asked girls to send him naked pictures, and that he had received nude photographs from about half of the minor girls. He admitted that he used the screen name "cccbonick" and that he also uses the screen name "FWOGMAN." He stated that he would go to the chat room known as "Teen Chat."

12. The MNPD detective asked about the portion of his chat with the Louisiana investigator in which he talked about having met a 15 year old girl on Teen Spot and then meeting her in person and having sex with her. Although he initially denied having done this, he ultimately admitted that it had happened when he was on leave from the military in 2010. He explained that he flew into the Nashville airport from Iraq and then drove to Rutherford County, met the 15 year old girl, and engaged in sex with her at a local motel. Further investigation revealed that he rented a room at the motel for at least several nights from on or about September 30, 2010 through on or about October 12, 2010.

2

13. During the course of the interview, Bonick admitted that he was sexually attracted to females between the ages of 14 and 20 years old. He admitted to meeting 5 to 6 minor girls and to having sex with the girl mentioned above. He also admitted that he might have gone to Louisiana to meet the 14 year old girl and engage in sex with her if she had been willing.

14. The next day, on or about January 6, 2012, the MNPD detective met with the minor girl and confirmed that Bonick had come to Rutherford County and that she had engaged in sexual activity with her.

15. Another MNPD detective / forensic analyst conducted a preliminary examination of computer equipment seized from Bonick's home on January 5, 2012. He found chat logs from Skype in which Bonick had engaged in sexual conversations with several under aged girls and talked about meeting the minor girls. On January 19, 2012, the investigating detective spoke with another minor with whom Bonick had engaged in sexually explicit conversation.

16. The investigative detective has attempted to contact Bonick who had stated he would be willing to speak with the detective and even provided a new phone number to him. However, the investigative detective has been unable to contact Bonick.

17. Based on this information, I believe there is probable cause to arrest Christopher N. Bonick for Inducing and Attempting to Induce a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b).

John McMurtrie, Special Agent
Federal Bureau of Investigation

Subscribed and Sworn to
before me this 6th~~ day of January, 2012
23rd

~~E. Clifton Knowles~~ Juliet Griffin
United States Magistrate Judge
Middle District of Tennessee