# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

    V.                                    Case No. 3:12-cr-00136
                                                      Judge Trauger

CHRISTOPHER N. BONICK

## DEFENDANT'S SENTENCING MEMORANDUM AND RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM

Christopher Bonick, Defendant, through his attorney of record, files the following Defendant's Sentencing Memorandum and Response to United States' Sentencing Memorandum without waiving any and all rights Defendant may have with respect to prior rulings of the Court, the verdict of the Jury, and/or any issues raised subsequent to the verdict of the Jury in this proceeding. <u>No statements herein are admissions, stipulations, or agreements by Defendant</u>.

Although the Government addressed the factors the Court may consider pursuant to **U.S.S.G. 5K1.0(b) [18 U.S.C. § 3553(a)]**, as the Court is aware the Court possesses *discretion* when determining an appropriate sentence, *Gall vs. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007), based upon the determination in *United States vs. Booker*, 543 U.S. 220 (2005) that the Federal Sentencing Guideliness are *merely advisory*.

## I.
## DEFENDANT'S OBJECTIONS AND SENTENCING POSITION

**A.** <u>**Application of Vague Standards to Unreliable Factual Conclusions:**</u> The Government appears to seek a substantial increase by a variance in the range of

punishment to be assessed by the Court on the basis that Defendant did not stipulate to the expansive and broad, often vague, allegations of the Government, some of which is pure speculation, in a guilty plea and then subsequently in a Pre-Sentencing Report. Much is made of Defendant's not guilty plea and the resulting requirement that the Government meet Her burden of proof.

The legal basis upon which the Defendant made objections to the extensive allegations of the Government regarding alleged conduct of the Defendant is that it is the burden of the Government to prove the allegations, both in the conviction stage of the proceedings and the sentencing stage, and that the application of speculated facts to vague sentencing provisions is a violation of Due Process under the Constituion of the United States of America, which applies to sentencing provisions and provisions that enhance sentences based on alleged conduct and/or status of a Defendant. ***Johnson vs. United States***, 135 S.Ct. 2551, 2015 U.S. LEXIS 4251 (Sup. Ct. 2015) and ***McDonnel vs. United States***, 136 S.Ct. 2355, 2016 U.S. LEXIS 4062 (Sup. Ct. 2016).

The Government's allegations in support of the Government's "Sentencing Position" as reviewed and restated in the Government's Sentencing Memorandum demonstrates the application of speculated facts based on images for which the Government failed to produce any person qualified to testify during the trial who could determine the ages of the persons depicted in images. In fact as was

disclosed in the testimony of the suppression hearing and the Government's expert in Her case in chief before the Jury, the factual circumstances surrounding the instant litigation can be characterized as alleged "adults pretending to be children" and alleged "children pretending to be adults" on the internet.

The undersigned attorney, contrary to the suggestion of the Government, is not marginalizing the subject matter or dismissing the purposes for which Congress sought to have persons prosecuted, but is addressing the high standards imposed upon the Government's enforcement of the Congressional direction by the Due Process and Equal Protection Clauses of the United States Constitution.

**B.** **Defendant's Alleged Lack of Cooperation:** For almost four years the Government has been consistely reminding the Defendant through his counsel that additional counts were going to be added to the existing indictment. The threat of additional accounts continued into the Pre-Trial conference period, and may have even been a part of the record made of the Pre-Trial Conference when evidentiary matters were discussed.

Nothing herein should be construed or interpreted as being an admission or other stipulation, but is purely for the purpose of addressing the Government's continued accusations of lack of cooperation and requiring the Government to prove the allegations made.

Frankly, because the Government refused to consider agreeing not to pursue any further allegations and/or charges against the Defendant any agreement to resolve the matter amicably was not possible and substantive discussions to that end were not an option. If no subsequent charges and/or indictments were forthcoming, then for what purpose was the Government insisting that the Defendant agree to allegations of activities beyond the scope of the indicted counts and/or the count to which the Defendant might plea to resolve the matter.

As it is believed the Government intended to use a plea by the Defendant in the case filed by the State of Tennessee still pending against the Defendant, as proof of an admission in the instant case for which we now face sentencing, it was equally inappropriate for the Defendant to entertain any plea to the state case, even when he was offered deferred adjudication for a three-year and perhaps a two-year period of time on the aggravated sexual assault charges pending in the State case referenced in the PreSentence Report. Defendant could not agree to any plea bargain in the State case, even if he were inclined to do so, and has not in so far as the undersigned attorney is aware.

**U.S.S.G. § 3E.1.1,** as referenced in the Presentence Report, Paragraph 57, page 15, is an assessment of the consequences of allegedly putting "the Government to its burden of proof at trial" by providing that Defendant would not get a downward adjustment for failing to "accept responsibility" for the offense

charged. The language of **U.S.S.G. § 3E.1.1(a)** is fairly specific: "**If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.**" When the Government requires a Defendant to "accept responsibility" for matters beyond the scope of the "offense" charged then it compels a Defendant to challenge the allegations to restrict the scope of the inquiry by the Government.

## II.
## SPECIFIC PROVISIONS IN THE PRESENENCE REPORT

A. **Offense Conduct.**

The narration of alleged facts to support the sentence, if any, based upon the contested nature of the proceeding, which necessitated a trial on the counts alleged, as described above, are beyond the scope of the existing allegations in the principle Counts upon which Defendant was convicted and the Government appears to be admitting issues with respect to proving those extraneous allegations other than by speculation from images of persons unknown to the Government and/or unwilling to become sufficient involved to prove the allegations.

Based on the current evaluation by the Government the information and/or images are not relevant to the sentencing enhancements because Rule 401(a), Federal Rules of Evidence, provides by definition that: **"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence.**

**Rule 402,** Federal Rules of Evidence, would exclude any such evidence that would be a violation of Due Process Clause of the Constitution of the United States, based upon such evidence being founded upon pure speculation, whether it was an image or an unreliable and unproven statement on the internet.

The issue of vagueness and lack of reliability is demonstrated by the Government's use of unknown persons in images to determine whether or not a specific image fit into a category as described in the PreSentence Report in Paragraph 45 on Page 13, in which an interpretation of an image would require a determination of whether or not a certain person depicted was "prepubescent" or under the age of 12. As a practical matter it is pure speculation that a person depicted in an image is not capable of reproduction, which would be the state of life prior to puberty, when a person becomes developed enough *internally* to reproduce. It is equally speculative that a particular image is of a person less that 12 years of age, given the broad range of appearances of persons as they mature, depending upon their genetic and often ethnic characteristics.

The age and/or internal physiological condition of a person portrayed in the images produced by the Government fail to meet such a standard, and conclusions from them can only be based on speculation, which would violate Due Process and Equal Protection. ***Johnson vs. United States***, 135 S.Ct. 2551, 2015 U.S. LEXIS 4251 (Sup. Ct. 2015).

Other than the evidence introduced at the trial of the proceedings there is no evidence or insufficient evidence to support the allegations made by the Government, and objections were made prior to trial and at the time of trial regarding the evidence introduced by the Government during the trial.

Those objections are that there is no testimony to support the conclusions and speculations as to the identity, ages, and/or developmental stage of any depicted persons and to assert their ages is merely speculation by the Government.

No expert for the Government has been presented who is qualified to determine the identity, ages, and/or developmental stage of any person depicted, and any assertion, as was shown by the testimony of the Government's expert, of any age on any web page is suspect. The facts of this case in which it is admitted by the Government that a person pretending to be "underaged" was in fact not.

The allegations are based for the most part on hearsay from unknown persons, whose identities and/or ages have not been provided and/or proven by any reliable evidence other than mere speculation. There is evidence in the case in chief that representations on the internet are inherently unreliable.

**B.    Victim Impact.** The Government's attempt to prove facts through representations from the Government and the offering of a "victim impact statement" without providing the Defendant with an opportunity to review and challenge, if possible, the information provided to confirm there were actually any

"victims" based upon the lack of evidence of the identity, ages, and/or developmental stage of any person claimed to have been the subject of any images in the possession of the Defendant and made the subject matter of his convictions under Count One and Two, as well as the identity, ages, and/or developmental stage of any such alleged persons as being one and the same as anyone allegedly portrayed in any of the alleged and admitted images. To do so is a violation of Due Process, Right to Confrontation, Equal Protection, and Effective Assistance of Counsel pursuant to the amendments to the United States Constitution.

**C.     Paragraph 46. Page 13.** There was no "trading" as in a "quid pro quo" agreement to justify a finding of "trading" for an enhancement of five pursuant to U.S.S.G. § 2G2.2(b)(3)(B), and the increase of five should be eliminated. The standard is vague as applied to the facts of this case and as such is a violation of Due Process, Right to Confrontation, and Equal Protection, pursuant to the amendments to the United States Constitution.

**D.     Offense Level Computations**.

**Count One: T**he "grouping" for the purpose of what appears to be enhancement of a lesser account by a higher count for the purpose of establishing a higher base level for the lower based level count. This "stacking" in a group appears to result in an increase based upon a subsequently assessed level from Count Two on page 13, Paragraphs 44 through 58. The stacking is in effect a

"double jeopardy" as to the allegations in County Two, discussed in Paragraphs 44 through 58, in which "sentencing points" are added based upon various alleged elements of the allegations, which will be addressed below.

When the Government has asserted that it may seek a subsequent indictment against the Defendant based on factual allegations for which the Government is seeking an enhancement to the Count for which the Defendant was convicted by the Jury, then the additional and added punishment for that same conduct for which a subsequent indictment has been suggested by the Government would be considered Double Jeopardy.

**Paragraph 43, Page 13, should be 28,** as contained in the PreSentence Report, founded upon the conviction of Defendant for Count One, to which Defendant anticipates an appeal, although Defendant complains the assessment is based on the lack of evidence or insufficient evidence.

**Count Two: Pages 13-15. Paragraphs 44 through 58.** The various enhancements provisions contained in Paragraphs 44 through 55 are based upon allegations and are not specifically confirmed by specific findings regarding any specific image or images, and there was no "evidence" introduced by the Government identifying any specific image as being "child pornography" and to "assume" that any one more of the images is "child pornography" is a violation of violation of Due Process, Right to Confrontation, and Equal Protection pursuant to

the amendments to the United States Constitution. The probation officer is not qualified to identify for the purposes of sentencing whether or not an image is "child pornography" as defined by the statutes upon which Defendant's convictions were based and by which his punishment is being assessed. The Government's expert witness was also not qualified to do so, and was prohibited from so testifying. Without an age of the subject matter being identified with each of the images upon which an assessment of an adjustment is made there should be no additional adjustments for any number, one or more, of the alleged images.

**E.     Paragraph 47. Page 14.** The evidence introduced by the Government at the trial would be the basis to answer the question of whether or not there were "two or more" instances of any alleged "exploitation," particularly when the Government failed to prove the ages of any alleged victims and/or the alleged knowledge on the part of the Defendant as to whether or not he knew the ages, if there were "two or more" alleged "minor girls." The use of the phrase "minor girls" is legally incorrect and vague when place in the context of the allegations.

Objection is made to an attempt to prove facts through representations based upon the Government's allegations, and the increase of 5 pursuant to U.S.S.G. § 2G2.2(b)(5) should be eliminated as not supported by the evidence presented by the Government.

In addition the increase of two pursuant to U.S.S.G. § 2G2.2(b)(6) in **Paragraph 48** should be eliminated because there is no evidence or insufficient offered by the Government to prove "child pornography." The increase of two pursuant to U.S.S.G. § 2G2.2(b)(7)(B) in Paragraph 49 for additional images above 10 should be removed based upon the lack of evidence and/or insufficient evidence to support a finding of "minors" as that term is not a term that involves specific criminal activity pursuant to U.S.S.G. § 2G2.2(b)(7)(B). There is no evidence or insufficient offered by the Government to prove "child pornography."

**Paragraph 53, Page 15, should be 18.**

**Paragraph 55, Page 15, the increase of 5 pursuant to** U.S.S.G. § 4B1.5(b) **should be eliminated** based upon a lack of evidence or insufficient evidence of "prohibited sexual conduct" with a "minor" in that the Government has failed to prove more than one instance of alleged "prohibited sexual conduct." The alleged ages of two or more "minors" have not been proven by the Government.

**Paragraph 58, Page 15, should be 18, and as determined in the PreSentence Report should be the level of offense used for the determination of the level of sentencing.**

F.  Pending Charges:  Page 16. Paragraph 63. Unconfirmed "court records" are nothing more than allegations, which if based upon either party's statements those statements are the subject of objections in this proceeding and as such are

also subject to objection in the pending proceeding in State court as described in the "Pending Charges."

**G.     Offender Characteristics:   Page 16-22. Paragraphs 65-105.** Unconfirmed information not obtained from the Defendant and a narration of Defendant's military records and history is not relevant. In lieu of paraphrasing and/or narrated portions of Defendant's military records for his military history, which included duty and commendation awards, the military history records of Defendant ought to be considereed by the Court. Defendant offers into evidence the military history records of Defendant obtained and produced by the Government to the undersigned attorney to avoid any concerns on behalf of the Government.

Defendant alleges that additional awards made to him as described in the existing history are sufficient to provide him a variance in the form of a downward adjustment based upon his recent service in the miltiary and the nature of his deployment into a high risk environment.

Defendant reports some omissions in his military records regarding the service awards issued to him with respect to his two different deployments. Also, Defendant reports a deficiency in his records in so far as discharge medical information and pre-deployment physical examinations for a comparison baseline. Additionally, apparently there was some dental work that was not completed and remains in the same incomplete condition as at the time of his last dental work.

Defendant reported that he was employed at the time of his arrest in Arkansas with a national chain variety store.

**H.     Sentencing Options:**     Based upon the above details and the comments below Defendant has reason to believe that a downward adjustment from the computations is warranted after unproven allegations are removed and downward adjustments are made to accommodate those matters that would provide for the discretion of the District Court Judge pursuant to Departure Factors pursuant to U.S.S.G. 5K1.0(b) [18 U.S.C. § 3553(a)], which include, but are not limited to, Defendant' military history and service (Paragraphs 92-95) that ended shortly before his arrest for the instant case and the level of cooperation he demonstrated in the initial phases of the investigation into the allegations made the basis of the instant case for this the Report was prepared. It is apparent from the recorded statement introduced by the Government at the trial of the instant case that Defendant was cooperating based upon representations and encouragement of the investigators, which included an invitation of sorts to assist in their investigation of online resources.

Discussed in some detail in Paragraph III are various factual factors that can be considered pursuant to U.S.S.G. 5K1.0(b) [18 U.S.C. § 3553(a)].

## III.
## GENERAL COMMENTS SUPPORTING DOWNWARD ADJUSTMENT

**Paragraph 144-145, Pages 24-25. Factors Warranting a Departure.**

The proposed sentencing ranges in the Presentence Invesigative Report ("PSR") and the United States Sentencing Position, which is higher than the PSR are unreasonable based upon the insufficient and/or lack of proof regarding certain elements of the alleged offenses, the overall nature of online activities and audio recording of Defendant that disclose Defendant was engaged in chatting with females who were not underage, and the conclusion of the expert of the Government that the scope of the activities were on the lower scale of activities he had experienced in his investigation background.

Contrary to the image portrayed by the Government the Government's expert stated, if the undersigned attorney recalls correctly, that he had seen very few images that he considered of a questionable nature out of 1,000's on the computers, and he was not qualified to identify any "child pornography" with respect to any of the images. Additionally, there were by depiction nonpornographic images on the computers as identified by the expert and produced by the Government, and some Defendant would probably not know were there.

U.S.S.G. 5K1.0(b) [18 U.S.C. § 3553(a)] allows departures based on the factors listed, which may be considered by the Court, along with the customary discretion in the sentence ultimately imposed by the Court on the Defendant.

Defendant respectfully requests the Court to consider:

1. **the low range in numbers of the "questionable images" as testified by the Government's expert,**
2. **Defendant's recent military experience and record,**
3. **Defendant's lack of any prior criminal history and/or record, other than the pending State charge for which the State has offered a period of sentence less than the amount of time Defendant has been incarcerated, and**
4. **Defendant's continued incarceration for approximately four years during the pending ltigation, most of which was in Springfield, Tennessee, at the Robertson County Detention Facility.**

Based upon the above Defendant requests a sentence of no more than 120 months, which would represent the maximum sentence for Count Two and a minimum setence for Count One, as provided by the statutory scheme, and fall within an assessment of a Total Offense Leval of 31. Defendant requests that he be credted with his time incarcertated, which has now been approximately 52 months.

The undersigned attorney states on behalf of Defendant that a sentence in excess of that amount would be unreasonable.

**WHEREFORE, Defendant prays for a downward adjustment.**

Respectfully submitted,

Stephen Parten for Law Office of Stephen Parten, Texas Bar No. 15549500
Federal Bar No. 15549500 for Western District of Texas
Federal Bar No. 428175 for Southern District of Texas
 23221 Aldine-Westfield, Suite 716, Spring, Texas 77373-8030
Telephone: (281) 288-2818/Facsimile: (281) 288-2823
Email: lawfirmparten@sbcglobal.net

# CERTIFICATE OF SERVICE

## DEFENDANT'S SENTENCING MEMORANDUM AND RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM

was served upon:

    Andrea M. Testa, U.S. Probation Officer
    United States Probation Office
    Middle District of Tennessee
    110 9th Avenue South, Suite A-725
    Nashville, Tennessee 37203       By email attachment.

upon the United States by electronic notification to:

    Carrie Daughtrey, Assistant United States Attorney
    United States Attorney Office
    Middle District of Tennessee
    110 9th Avenue South, Suite A-961
    Nashville, Tennessee 37203

on this **25th** day of August 2016

                                                    Stephen Parten